IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROSS WILLIAMS, SR, §
     Plaintiff, §
vs. § No. 3:10-CV-2419-M-BH
 §
RICKY WILLIAMS, et al., §
     Defendants. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case was automatically referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court is *Defendants' Motion to Dismiss* (doc. 15), filed February 3, 2011. Based on the relevant filings and applicable law, the motion to dismiss for lack of subject matter jurisdiction should be **GRANTED**.

**I. BACKGROUND**

On November 29, 2010, Ross Williams, Sr. ("Plaintiff") filed suit against Ricky Williams and Cassandra Williams ("Defendants"), alleging that he is the biological father of twins (Ricky and Cassandra) born to Cassandra "Sandy" Williams in 1977.[1] (Compl. at 2.) He contends that the twins' mother never told him she was pregnant and left town without notice, and that despite many attempts over the last thirty-three years, he was never given an opportunity to be a supportive or active father to his children. He claims that his "only goal was to let [his children] know that [he] existed and that [he] wanted to be a part of their lives", and that he seeks "an opportunity to finally meet [his] children in person and clear up all the mistakes, hard feelings, and misunderstandings

---

[1] It is unclear whether Plaintiff is suing his alleged daughter or her mother. Although the cover letter to the complaint references the mother, he clearly seeks to establish the relationship with both children. The Court construes the complaint as suing both mother and daughter.

while [he is] still able to clarify the situation." (*Id*.) He also claims that he has suffered "emotionally, mentally, physically and ha[s] dealt with issues of abandonment", for which he seeks $2,500,000 in damages. (*Id*. at 3.)

On February 18, 2011, Ricky Williams and his sister ("Defendants") moved to dismiss this suit under Fed. R. Civ. P. 12(b)(1), (2) and (6). (*See* Doc. 15 at 1.) Plaintiff failed to timely respond to the motion, but on March 11, 2011, he filed a motion for extension of time to file his response. (Doc. 25.) The Court granted an extension and ordered a response by March 25, 2011. (Doc. 26.) On March 24, 2011, Plaintiff filed a "response" contending that his suit should not be dismissed. (Doc. 27.) His response fails to directly address the motion to dismiss, stating only that (1) he has proof that Sandra Williams resided in Dallas, Texas during 1975 to 1978, and that she became pregnant with twins during that time; (2) Sandra failed to inform him about the children and has kept him out of their lives; and (3) Sandra's behavior has affected him mentally, emotionally, and physically over the years. (*Id.*) On March 25, 2011, Defendants filed a reply reasserting the grounds raised in their motion to dismiss and brief.[2] (Doc. 28.)

## II. RULE 12(b)(1)

Defendants first move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. 17 at 1.)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts

---

[2] Defendants' first filed a "reply" on March 10, 2011, that sought to provide additional arguments and authorities and a request for attorney's fees, but it will not be considered. *See also Spring Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (noting practice of declining to consider arguments raised for the first time in a reply brief because nonmovant should be given a fair opportunity to respond to the motion). In addition, because Plaintiff had not filed a response when Defendants filed their March 10, 2011 "reply", it was not warranted.

2

of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* Where the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that

jurisdiction does exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Here, Defendants' entire Rule 12(b)(1) argument consists of one conclusory sentence alleging that subject matter jurisdiction is lacking. Lack of argument and briefing notwithstanding, courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that a federal court dismiss an action if it determines that it lacks jurisdiction over the subject matter.

Here, Plaintiff does not assert any federal statutory or constitutional basis for this suit against his alleged adult children and their mother, and his claims do not appear to arise under federal law. To the extent he has any claims against them, the claims arise under state law. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332, however. Diversity jurisdiction is only proper when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Because Plaintiff's own filings show that the twins' mother is also a resident of Texas, complete diversity does not exist.

Plaintiff has not met his burden to show that jurisdiction exists, and Defendants' motion to dismiss on the basis of Rule 12(b)(1) should be granted.

### III.  CONCLUSION

*Defendants' Motion to Dismiss* under Rule 12(b)(1) for lack of subject matter jurisdiction should **GRANTED**, and Plaintiff's claims should be dismissed without prejudice.

4

**SO RECOMMENDED on this 22nd day of April, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

 A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE